[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This limited contested dissolution of marriage action having a return date of September 12, 2000 was heard on May 16, 2001. The plaintiff, whose maiden name is Lynn Van Buren, and the defendant were married on June 18, 1989 in New Canaan, Connecticut. One of the parties has resided in this state for a period of at least one year prior to bringing the action. There were no minor children born issue of the marriage and neither party has been the recipient of public assistance during the course of the marriage. The marriage of the parties has broken down irretrievably and the court dissolves the marriage on the grounds of irretrievable breakdown.
The plaintiff is fifty-three years old, is a high school graduate and is presently employed as an administrative assistant. She has had some prior health problems, notably, a hysterectomy and a bout of depression. These health problems have not prevented her from working full time now, and throughout the marriage. The plaintiff's gross income is $567 a week. She presently has accumulated $1,624 in a 401k provided by her present employer and she has a pension from her prior employer, accumulated prior to the marriage, with a pre-tax value of $30,536.
The defendant is fifty years old, a high school graduate, and he has taken one year of college courses. He is a licensed optician presently employed on a full time basis earning $930 per week gross. He describes his health as good, however, he admits to previously suffering from depression because of a chemical imbalance. The defendant expressed concerns that his future employment may be in jeopardy because, in the future, opticians in Connecticut may not have to be licensed. He suspects that if this were to occur, he would not be able to earn as much as he is presently earning. The court concludes that such concerns are speculative and cannot be considered in formulating its orders.
The defendant also has a 401k in which he has accumulated $936, to which he is contributing $56 a week. He also had a 401k from a prior employer in the amount of $8,844. In July 2000, he withdrew all of the money in this 401k account and used the money for his personal use. This account will be discussed later.
In contemplation of the marriage, the parties purchased a home in Ridgefield, Connecticut in 1989 for the sum of $235,000. The court finds that the plaintiff contributed $24,000 and the defendant contributed $8,000 towards the down payment of this home. This home was sold in CT Page 7875 1998, and all of the net proceeds were used to purchase a home in Oxford, Connecticut for $213,000. This home is presently encumbered by a mortgage in the approximate amount of $174,500 and is presently for sale. The defendant finished off a portion of the basement and he used it as a music room. The defendant did most of the work himself and he spent a considerable amount of time on the project. He also paid for the materials and some of the labor using his charge cards and his 401k money. The defendant believes that this improvement adds $12,000 to the value of the home; the court finds this belief to be a reasonably one.
Problems arose early on and the plaintiff expressed a desire for a divorce after a few months of marriage. At that time, the plaintiff's greatest concern was that the defendant was not developing a warm and fatherly relationship with her young daughter. The defendant expressed a desire to try and save the marriage and no legal action was taken. The parties endured, however, the relationship between the defendant and the plaintiff's daughter did not improve. The defendant believes that lack of affection, lack of common interest, the plaintiff's belittling comments, and her excessive spending led to the breakdown of the marriage. In the plaintiff's view, the defendant's treatment of her daughter, his insensitivity to the consequences of her surgery, and a brief affair the defendant had in 1998, all caused the breakdown of the marriage. The defendant filed for divorce in June of 1998, however, this action was withdrawn and the parties attempted a reconciliation which failed after one year. Both parties share responsibility for the breakdown of this marriage, however, after considering all of the evidence, the court concludes that the defendant's share is larger.
As stated earlier, the defendant withdrew some $8,844 from a 401k account he had accumulated during the marriage. He paid the penalty and increased taxes arising out of this withdrawal. This withdrawal was in anticipation of the plaintiff filing for divorce. The court, ordinarily, would make appropriate orders to include this withdrawal in the marital estate and adjust the defendant's share accordingly. In this case, however, the court concludes that the defendant's labors and expenditures in finishing off the basement of the home, which substantially increases its value, balances out the improper withdrawal and no adjustment will be made.
The court has considered the provisions of C.G.S. § 46b-81
regarding the assignment of property and concludes that after repayment of the parties initial contributions, as found by the court, the parties should share equally in the equity in their home which is presently for sale.
After reviewing the evidence and the provisions of C.G.S. § 46b-82
CT Page 7876 regarding alimony, the court finds that an award of alimony to the plaintiff is appropriate. In view of the fact that the defendant will be receiving a substantial sum of money from the sale of the marital home; lump sum alimony is the most appropriate form and it is ordered in the amount of $20,000.
 ORDERS
1. The parties are to cooperate in the sale and closing of the marital home which is presently listed for sale.
2. Until the sale the parties are to continue sharing the expenses of the home in the same manner as presently exists.
3. Upon the sale of the marital home the net proceeds shall be apportioned as follows: The plaintiff shall receive $24,000 and the defendant shall receive $8,000, thereafter the remaining net proceeds shall be divided equally.
4. The defendant, upon receipt of his share of the proceeds from the sale of the house, shall pay to the plaintiff lump sum alimony in the amount of $20,000.
5. The china blue lamp shall be the property of the defendant.
6. The defendant shall make available to the plaintiff any COBRA health insurance benefits available through his employment. The plaintiff shall be responsible for payment of any premiums for said coverage should she elect to obtain it.
7. Each party shall be entitled to retain their respective retirement accounts including pensions and 401ks.
8. Each party shall be responsible for the payment of their liabilities as listed on their respective financial affidavits.
9. The defendant shall be entitled to retain the 1997 Pontiac Grand Am and he shall indemnify and hold the plaintiff harmless with regard thereto.
10. The plaintiff shall be entitled to retain the 1992 Sunbird and the 1989 Chevrolet Beretta.
11. Each party shall be responsible for their own counsel fees.
12. The plaintiff has restored her maiden name of Lynn Van Buren. CT Page 7877
Domnarski, J.